IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Case No. 07-cv-02520-LTB-MEH

MARIA VASQUEZ DE PAYAN,

        Plaintiff,

v.

WEND-ROCKIES, INC.,
        formerly known as Wendy's of Brighton, Inc., a Colorado Corporation, and

WILLIAM E. TEATER,

        Defendants.

_____

ORDER
_____

This matter is before me on a Motion to Dismiss [**Doc #9**] filed by Defendants Wend-

Rockies, Inc., formerly known as Wendy's of Brighton, Inc., and William E. Teater. Defendants

seek dismissal of the claims raised by Plaintiff, Maria Vasquez DePayan, for failure to state a

claim pursuant to Fed. R. Civ. P. 12(b)(6). Oral arguments will not materially aid in the

resolution of this motion. After due consideration, and for the reasons stated below, I GRANT

the motion to dismiss as to Plaintiff's discrimination claims based on federal law and because I

decline to exercise pendent jurisdiction over Plaintiff's state law claims, I DISMISS the

remainder of Plaintiff's claims without prejudice.

**I. UNDERLYING FACTS**

Plaintiff is a fifty-eight year old Hispanic female. From January 1995 to her termination

on October 18, 2006, Plaintiff worked as a full-time crew member at two Wendy's fast food

restaurants owned as a franchise by Defendant Wend-Rockies. Defendant Teater is the president

of Wend-Rockies. I will refer to Defendants collectively as "Wendy's." Plaintiff alleges that

she was improperly terminated from her employment by Wendy's after she complained of

discrimination against her based on national origin, citizenship status and age, as well as that

some of her co-workers were working illegally and she was perceived to have threatened to

report Wendy's to immigration authorities.

In her first amended complaint, Plaintiff seeks liquidated and punitive damages based on

the following claims for relief: wrongful termination; intentional infliction of emotional distress;

outrageous conduct; discrimination and retaliation in violation of Title VII, pursuant to 42

U.S.C. § 2000e *et seq.*; age discrimination in violation of the Age Discrimination in

Employment Act of 1997, pursuant to 29 U.S.C. § 621, *et seq.*; and discrimination and retaliation

in violation of the Colorado Anti-Discrimination Statute, pursuant to C.R.S. § 24-34-402.

## II. RULE 12(b)(6) STANDARD OF REVIEW

As an initial matter, I address the applicable standard of review for a motion brought

pursuant to Fed. R. Civ. P. 12(b)(6). The Supreme Court has ruled that the standard for review

previously applied under Fed. R. Civ. P. 12(b)(6) – "a complaint should not be dismissed for

failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts

in support of his claim which would entitle him to relief"– is "best forgotten as an incomplete,

negative gloss on an accepted pleading standard." *Bell Atlantic Corp. v. Twombly*, ___ U.S.___,

127 S.Ct. 1955, 1968-69, 167 L.Ed.2d 929 (2007).

The Tenth Circuit has recently reviewed the ruling in *Bell Atlantic v. Twombly,* in

*Robbins v. Oklahoma,* 519 F.3d 1242, 1246 (10th Cir. Mar. 21, 2008). In so doing, the *Robbins*

Court first noted that the Supreme Court in *Twombly* rejected the prior "no set of facts" standard,

and instead announced a revised standard: "to withstand a motion to dismiss, a complaint must contain enough allegations of fact 'to state a claim to relief that is plausible on its face.'" *Robbins v. Oklahoma, supra* (*quoting Bell Atlantic v. Twombly, supra*, 127 S.Ct. at 1974). In other words, "the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." *Id.* (*quoting Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007)).

Although the Tenth Circuit acknowledged that "the new formulation is less than pellucid," it determined that "the opinion seeks to find a middle ground between 'heightened fact pleading,' which is expressly rejected . . . and allowing complaints that are no more than 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Id.* (*quoting Bell Atlantic v. Twombly, supra*, 127 S.Ct. at 1965). Therefore, "the burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." *Id.* (*quoting Bell Atlantic v. Twombly, supra*, 127 S.Ct. at 1965). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.*

The term "plausibility," in this context "must refer to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" *Id.* (*quoting Bell Atlantic v. Twombly, supra*, 127 S.Ct. at 1974). Therefore, "[t]he allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief." *Id.*

Accordingly, I reject Plaintiff's argument to the extent that she asserts that the standard for review under Fed. R. Civ. P. 12(b)(6) is not as set forth above.    The Tenth Circuit reads the *Bell Atlantic v. Twombly* holding as pronouncing a new standard for assessing motions pursuant to Fed. R. Civ. P. 12(b)(6).  *See Robbins v. Oklahoma, supra*; *see also Anderson v. Suiters*, 499 F.3d 1228, 1232 (10th Cir. 2007); *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007); *TON Services, Inc. v. Qwest Corp*., 493 F.3d 1225, 1235 (10th Cir. 2007); *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 FN. 2 (10th Cir. 2007)(*citing Iqbal v. Hasty*, 490 F.3d 143 (2d Cir. 2007)); *Ridge at Red Hawk v. Schneider*, *supra,* 493 F.3d at 1177*; Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007).  I note, of course, that am bound to apply Tenth Circuit precedent unless the precedent has been overruled by the Tenth Circuit sitting *en banc* or superseded by a contrary Supreme Court decision.  *See Haynes v. Williams*, 88 F.3d 898, 900 n. 4 (10th Cir. 1996).

As a result, I apply the following motion to dismiss standard recently articulated by the Tenth Circuit in *Robbins v. Oklahoma, supra*: within the context of the claim alleged, the complaint must contain enough allegations of fact "to state a claim to relief that is plausible on its face," in that "the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims;" in other words, "[t]he allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief."

Finally, I note that when applying this standard, I "must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff." *David v. City & County of Denver*, 101 F.3d 1344, 1352 (10th Cir. 1996).

### III.  SCOPE OR REVIEW

In addition, I note that both parties refer me to evidence in attached documentation that is outside of the amended complaint in support of their respective positions.  "It is well-established, however, that in determining whether to grant a motion to dismiss, the district court . . . [is] limited to assessing the legal sufficiency of the allegations contained within the four corners of the complaint."  *Jojola v. Chavez,* 55 F.3d 488, 494 (10th Cir. 1995)(*quoting Doyle v. Oklahoma Bar Ass'n,* 998 F.2d 1559, 1566 (10th Cir. 1993)).

Here, both parties maintain that the evidence presented by them may be considered under the rule articulated in *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 - 1385 (10th Cir. 1997).   In that case, the Tenth Circuit noted that "if a plaintiff does not incorporate by reference or attach a document to its complaint, but the document is referred to in the complaint and is central to the plaintiff's claim, a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss."  *Id* (citations omitted).

In support of their claim that Plaintiff has failed to exhaust her administrative remedies regarding her discrimination claims against Defendant Teater in his individual capacity, Defendants attach the E.E.O.C. Charge of Discrimination and the related determination made by the Colorado Department of Civil Rights.  While I agree that this evidence is central to Plaintiff's claim and its authenticity is not disputed, because I do not reach the question in my ultimate determination of this motion, I do not consider it when making my ruling here.

On the other hand, Plaintiff submits for my consideration two administrative decisions by the Colorado Division of Labor and Unemployment made on Plaintiff's claim for unemployment compensation benefits related to the reason for her termination.  This evidence is not central to

the claims made in Plaintiff's fist amended complaint.  I disagree with Plaintiff that I may

consider the findings made in those determinations in ruling on this motion to dismiss made

under Fed. R. Civ. P. 12(b)(6); this evidence is clearly not "contained within the four corners of

the complaint."  *See Jojola v. Chavez, supra,* 55 F.3d at 494.  As such, I do not consider it in

ruling on this motion.

Finally, although a motion to dismiss under Fed. R. Civ. P. 12(b)(6) can be converted to a

motion for summary judgment when "matters outside the pleadings are presented to and not

excluded by the court," *see* Fed. R. Civ. P. 12(d), I decline to covert the motion and, as such, do

not consider facts or documents presented outside of Plaintiff's first amended complaint.

## IV.  FEDERAL DISCRIMINATION CLAIMS

**Fourth Claim for Relief –  Employment Discrimination Under Title VII:**

I first address Plaintiff's claim of employment discrimination and her related retaliation

claim in violation of Title VII of the Civil Rights Act of 1964 ("Title VII").  42 U.S.C. § 2000e

*et. seq.*  ("Title VII").  Plaintiff asserts that she is 58 years of age, of Hispanic national origin and

a naturalized United States citizen.  During her employment at Wendy's – from January 4, 1995

to her termination on October 18, 2006 – she performed the duties of her job in a satisfactory

manner.  She further alleges that just prior to and at the time of her termination, she complained

to Wendy's that she was being discrimination against because of her national origin, citizenship

status and age as compared to co-workers who were substantially younger, and were illegal

undocumented workers.  Plaintiff also alleged that at that time she threatened (or was perceived

to have threatened) to "report" Wendy's practice of employing illegal aliens.  As a result of

Wendy's intentional and retaliatory acts, Plaintiff alleges that she has been and continues to be

denied her rights to equal employment secured by Title VII.

As an initial matter, I note that Plaintiff's claim of discrimination based on her age is not cognizable under Title VII of the Civil Rights Act of 1964. Age is not a protected class under Title VII. *See* 42 U.S.C. § 2000e-2

The thrust of Plaintiff's claim is that she was discriminated against by Wendy's because her co-workers – who were allegedly undocumented employees working in the United States illegally – were treated by Wendy's more favorably. However, any discrimination on the basis of Plaintiff's alleged status as a citizen is also not cognizable as citizenship is not a protected class under Title VII. *See Espinoza v. Farah Manufacturing Co.*, 414 U.S. 86, 88, 89, 94 S.Ct. 334, 336, 337, 38 L.Ed.2d 287 (1973)(finding, in context of Title VII, that national origin refers to "country where a person was born, or, more broadly, the country from which his or her ancestors came," and therefore "Congress did not intend the term 'national origin' to embrace citizenship requirements"); *see also E.E.O.C. v. Wendy's of Colorado Springs, Inc.,* 727 F.Supp. 1375, 1381 FN 5 (D. Colo. 1989)("Title VII does not apply to employment discrimination on basis of alienage").

Finally, Plaintiff's complaint is devoid of any factual allegation that would support a claim that Wendy's discriminated against her on the basis of her national origin. She makes no assertion that the employees treated more favorably than her were of a different national origin. The relevant allegation consists solely of a conclusory contention; specifically that "within a short period preceding the date of her termination . . . the plaintiff verbally complained to [Wendy's agents] that she was being discriminated against by her supervisors because of her national origin . . . when compared to the more favorable treatment received by her coworkers".

This allegation, standing alone, is clearly factually insufficient to provide me with reason to believe that Plaintiff has a reasonable likelihood of mustering factual support for her claim of discrimination based on national origin. The complaint is devoid of any fact in support of this claim and clearly does not "raise a right to relief above the speculative level." *Robbins v. Oklahoma, supra,* 519 F.3d at 1247 *(quoting Bell Atlantic v. Twombly, supra*, 127 S.Ct. at 1965).

Because Plaintiff has failed to allege a factual basis for a cognizable protected class status under Title VII, her related claim for discriminatory retaliation also fails to state a claim based on the same reasoning. Title VII prohibits an employer from discriminating against an employee because the employee "has opposed any practice made an unlawful employment practice by [Title VII]." 42 U.S.C. § 2000e-3(a). Because Plaintiff has failed to state a claim of discrimination under Title VII, in that she has failed to sufficiently allege protected class status, she likewise cannot state a claim for Title VII retaliation based on that discrimination. *See generally Cisneros v. Wilson,* 226 F.3d 1113, 1132 (10th Cir. 2000), *overruled on other grounds by Bd. of Trs. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 121 S.Ct. 955, 148 L.Ed.2d 866 (2001) (ruling that Title VII prohibits retaliation "but only when the charge alleges discrimination on the basis of 'race, color, religion, sex, or national origin'). As discussed above, Plaintiff claims based on age and citizenship status are not cognizable under Title VII, and her unsupported allegation that she was retaliated against for complaining about unspecified discrimination "because of her national origin" is insufficient to state a claim.

**Fifth Claim for Relief – Age Discrimination Under ADEA:**

In this claim, Plaintiff alleges that Wendy's discriminated against her in her employment on the basis of her age in violation of the Age Discrimination in Employment Act of 1997

("ADEA").  29 U.S.C. § 621, *et. seq.*  Plaintiff asserts that she is a member of the protected class

in that she is 58 years of age.  She further asserts that she was treated less favorably regarding

the terms and conditions of her employment when compared to "her coworkers who were

substantially younger than her."  Additionally, she alleges that after her termination, her position

as a crew member was filled with "a substantially younger female."  As a result of Wendy's

intentional and retaliatory acts, Plaintiff maintains that she has been and continues to be denied

her rights to equal employment secured by the ADEA.

Wendy's argues that Plaintiff's allegations related to age discrimination fail to constitutes

plausible factual support for her claims.  Specifically, it asserts that although Plaintiff is not

required to plead specific facts establishing a *prima facie* case under the ADEA, she has "failed

to make any factual allegations regarding how she was discriminated against, what supports her

conclusion that she was treated 'less favorably' than the alleged younger workers or who the

younger workers were and their ages or approximate ages."  I agree.  The allegations in the

complaint do not rise above the level of conclusion or mere speculation.  On its face, Plaintiff's

amended complaint fails to allege facts that are sufficient to state a claim in that it fails to

provide me with reason to believe Plaintiff has a reasonable likelihood of mustering factual

support for these claims or that Plaintiff plausibly, not just speculatively, has a claim for age

discrimination under the ADEA.

Likewise, I conclude that because Plaintiff has failed to allege a factual basis for her

unsupported claim of discrimination based on age, her related claim for discriminatory

retaliation also fails to state a claim based on the same reasoning.  *See* 29 U.S.C. § 623(d)

(providing that it is unlawful for an employer to discriminate when an individual "has opposed

any practice made unlawful by [the ADEA]").  Plaintiff's only allegation in her complaint is that she verbally complained that she was being discriminated against by her supervisors because of her age regarding her employment when compared to her coworkers that were "substantially younger than her."  Again, this conclusory statement fails to sufficiently allege facts to plausibly support Plaintiff's claim that Wendy's retaliated against her based on her unspecified complaint that she was being discriminated against due to her age.

As a result, because the first amended complaint fails to contain enough allegations of fact to state a claim to relief for either discrimination or retaliation pursuant to Title VII and/or the ADEA that "is plausible on its face," I dismiss Plaintiff's Fourth and Fifth Claims for Relief pursuant to Fed. R. Civ. P. 12(b)(6).

## V.  STATE LAW CLAIMS

The pretrial dismissal of all federal law claims—leaving only state law claims—generally prevents me from reviewing the merits of the state law claims. 28 U.S.C. § 1367(c)(3); *see also McWilliams v. Jefferson County*, 463 F.3d 1113, 1117 (10th Cir. 2006); *Exum v. U.S. Olympic Comm.*, 389 F.3d 1130, 1138–39 (10th Cir. 2004).  "It has consistently been recognized that pendent jurisdiction is a doctrine of discretion, not a plaintiff's right.  Its justification lies in considerations of judicial economy, convenience and fairness to litigants; if these are not present a federal court should hesitate to exercise jurisdiction over state claims . . . . [c]ertainly, if the federal claims are dismissed before trial . . . the state claims should be dismissed as well." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 19 L.Ed.2d 218 (1966).

Granting Wendy's motion to dismiss on Plaintiff's Title VII and ADEA discrimination

and retaliation claims extinguishes the basis for federal subject matter jurisdiction. Plaintiff's

remaining claims for wrongful termination; intentional infliction of emotional distress;

outrageous conduct; and discrimination and retaliation in violation of the Colorado Anti-

Discrimination Statute, pursuant to C.R.S. § 24-34-402, rest on distinct issues of Colorado law.

In the interests of judicial economy, convenience, and fairness to litigants, these issues are best

determined by a Colorado state court. Therefore, I decline to exercise pendent jurisdiction over

Plaintiff's remaining claims. *See Lancaster v. Indep. Sch. Dist. No. 5*, 149 F.3d 1228, 1236 (10th

Cir. 1998).

## VI. CONCLUSION

Accordingly, Defendants' Motion to Dismiss [**Doc #9**] is GRANTED as to Plaintiff's

discrimination and retaliation claim in violation of Title VII (Fourth Claim for Relief) and her

age discrimination and retaliation claim in violation of the ADEA (Fifth Claim for Relief).

Plaintiff's remaining state law claims for wrongful termination; intentional infliction of

emotional distress; outrageous conduct; and discrimination and retaliation in violation of the

Colorado Anti-Discrimination Statute, pursuant to C.R.S. § 24-34-402 are DISMISSED without

prejudice. As a result, Plaintiff's First Amended Complaint [**Doc # 8**] is DISMISSED.

Dated: May   21  , 2008, in Denver, Colorado.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, JUDGE